**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BETTY TRAN** | § | |
| | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("United Property" or "Defendant"), Defendant herein, removes to this Court the state court action pending in the County Court at Law No. 2 of Harris County, Texas, invoking this Court's diversity jurisdiction, on the grounds explained below.

## I.     BACKGROUND

1.      On November 25, 2019, Plaintiff Betty Tran ("Plaintiff") filed the present action in the County Court at Law No. 2 of Harris County, Texas, bearing Cause No. 1145988 (the "State Court Action") against United Property. *See* State Court Action Petition, attached hereto in **Exhibit 2**.

2.      United Property was served/received notice of this lawsuit on December 23, 2019. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendant, as it is filed not more than thirty (30) days after service of the Petition on United Property, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.   BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

3.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and United Property, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.     Complete diversity exists between Plaintiff and United Property.

4.      Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.      Upon information and belief, Plaintiff is an individual citizen of the State of New York, resides in New York,[1] owns the insured property situated in Houston, Texas and owns the policy of insurance issued by Defendant to cover that property.[2]

6.      United Property is not a citizen of the State of Texas or New York. United Property is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business is in Florida.

7.      Thus, there is complete diversity of citizenship between Plaintiff and United Property.

### B.     Amount in Controversy Exceeds $75,000.

8.      With respect to the amount in controversy, it is apparent from Plaintiff's Original Petition that Plaintiff's claims do in fact exceed the jurisdictional amount of $75,000.

9.      Though Paragraph 6 of the Petition provides that Plaintiff seeks "monetary relief less than $100,000 or less, *including* damages of any kind, penalties, costs, expenses, pre-

---

[1] *See* **Exhibit 4**—Plaintiff's United Property Policy Declarations.
[2] *See* Plaintiff's Original Petition, at §§ *I. Preliminary Information and Definitions*, *IV. Parties* and *VII. Facts*, ¶¶ 1, 4, 9, and 10, attached hereto in **Exhibit 2**.

judgment interest, and attorneys' fees,"[3] the Petition also states that Plaintiff "specifically" seeks "damages less than $75,000.00 and will not accept any more than $75,000.00 *at this time*."[4] In *Section IX. Damages and Prayer*, the Petition provides that Plaintiff is seeking (1) actual damages suffered as a result of Defendant's refusal to participate in appraisal; (2) actual damages and benefit of the bargain from Defendant's refusal to pay proper policy benefits; (3) attorney fees Plaintiff incurred as a result of Defendant's refusal to participate in appraisal; and (4) a court order requiring Defendant to participate in appraisal.[5] The Petition goes on to "specifically reserve any rights to change, supplement, amend, and add or remove disputed items to the present to the Appraisal Panel as these items are discovered during the appraisal process," and reserves "all rights to seek any attorneys fees and actual damages that Plaintiff incurred for having this Court compel the appraisal process."[6]

10.     Additionally, Plaintiff attached a document purporting to be a binding stipulation to the Petition (the "Document").[7] The Document is **<u>identical</u>** to the one Plaintiff's counsel attaches to nearly every other lawsuit he files and states that the "total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interests and costs."[8] The Document goes on to state that the "total damages sought by Plaintiff...does not exceed $75,000.00 exclusive of interests and costs," "neither Plaintiff nor <u>his/her</u> attorney will accept an amount that exceeds $75,000.00 exclusive of interests in costs," nor will he "amend <u>his/her</u> petition after one year to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs," nor will he "authorize anyone on <u>his/her</u> behalf or <u>his/her</u> future heirs and/or

---

[3] *See* Plaintiff's Petition, at *Section V. Jurisdiction*, ¶ 6.
[4] *Id.* (Emphasis added).
[5] *Id.* at *Section IX*.
[6] *Id* at *Section X. Reservation of Rights to Appraisal Process*.
[7] *Id.* at Exhibit E.
[8] *Id.*

assigns, to make such an amendment."[9] The final paragraph of the Document states that "Plaintiff and his/her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interests and costs."[10] The Document fails to mention attorneys fees altogether. The Document does not state that any potential award of attorneys' fees is included in the $75,000.00 to which Plaintiff's counsel is attempting to limit his client's recovery. The Document is not signed by Plaintiff, but rather only by her counsel of record, Eric Dick, and does not mention Plaintiff by name, other than in the case caption. Because the Petition makes clear that Plaintiff is seeking to recover attorneys fees, specifically reserving the right to do so, and the Document excludes this element of damages, the Petition and the Document contradict one another.[11]

11.     As an initial matter, the Petition itself states two different maximum amounts of damages. In *Section V. Jurisdiction*, the Petition states that the amount in controversy is "less than $100,000 or less", but also that Plaintiff seeks "damages less than $75,000.00 and will not accept any more than $75,000.00 *at this time*"[12] (emphasis added). However, Texas law does not permit a plaintiff to plead a specific amount of damages.[13] Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the Rule does not permit a plaintiff to plead that plaintiff's damages are less than $75,000.00 or that plaintiff's damages do not exceed $75,000.00 at this time.[14]

---

[9] *See* Plaintiff's Petition, at Exhibit E (emphasis added).
[10] *Id*. (Emphasis added).
[11] *See Tovar v. Target Corp.*, No. SA-04-CA-0557-XR, 2004 WL 2283536, at *2 (W.D. Tex. Oct. 7, 2004).
[12] Plaintiff's Petition, at *Section V. Jurisdiction*, ¶ 6.
[13] Tex. R. Civ. P. 47(b)-(c).
[14] Plaintiff's Petition, at *Section V. Jurisdiction*, ¶ 6; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); *Ford v. United Parcel Service, Inc. (Ohio)*, No. 3:14-cv-1872-D, 2014 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, J.) (There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $74,000"); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) (Alvarez, J.) (Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000); *Manesh v. Nationwide General Insurance Company*, No. 5:17-CV-1213-DAE, 2018 WL 1887291, at *2

12.     Here, Plaintiff's Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure. A bare assertion in a pleading that damages are less than $75,000, "at this time," without more, is not binding on Plaintiff and does not determine the amount in controversy for purposes of federal jurisdiction, especially when that assertion is preceded by a confusing statement that the amount in controversy is "less than $100,000 or less."[15] The amount in controversy inquiry "does not end merely because the plaintiff alleges below the threshold.[16] The face of the plaintiff's pleading will not control if made in bad faith."[17] In addition to the good faith requirement, § 1446 "also provides that the demand in the pleading will not control if the state practice does not permit demand for a specific sum."[18]

13.     "Where diversity of citizenship exists, the amount in controversy requirement is met if (1) it 'is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence'' of facts in controversy that support a finding of the requisite amount."[19] Thus, where the amount in controversy is not facially apparent in the petition, courts may look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages and the available policy limits under an applicable insurance policy.[20] Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's

---

(W.D. Tex. Mar. 2, 2018) (Ezra, D.) (finding that the language in plaintiffs state court petition "damages are less than $75,000, exclusive of interest and costs," did not control because it violated TRCP 47 and constituted bad faith).

[15] *Ford v. United Parcel Service (Ohio)*, 2014 WL 41059565 at *4; *Manesh v. Nationwide General Insurance Company*, 2018 WL 1887291 at *2.

[16] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995).

[17] *De Aguilar*, 47 F.3d at 1410; *see also* 28 U.S.C. § 1446(c)(2).

[18] *Noyola v. State Farm Lloyds*, No. 7:13-cv-00146, 2013 WL 3353963, at *1, (S.D. Tex. July 3, 2013) (Alvarez, M.); 28 U.S.C. § 1446(c)(2)(A)(ii).

[19] *Real T LLC v. State Farm Fire and Cas. Co.*, No. 07-8754, at *1 (E.D. La. Nov. 18, 2008) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990)).

[20] *See Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.); *Noyola*, 2013 WL 3353963, at *1; *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

jurisdiction.[21]

14.     While Plaintiff contends all damages do not exceed $75,000.00, it is also alleged that Defendant is liable under a residential insurance policy (the "Policy") because Plaintiff made a claim under that Policy and Defendant wrongfully adjusted and denied Plaintiff's claim.[22] Specifically, but without limitation, Plaintiff alleges that Defendant breached Policy number UTD 7588300 00 42, which had a Dwelling Limit of $300,000, an Other Structures Limit of $6,000, and Personal Property Limit of $6,000, for the property located at 13623 Eldridge Springs Way, Houston, Texas 77083.[23] In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit defined the "object of the litigation" as the "value of the right to be protected."[24] The breach-of-contract claim implicates the limits of the policy, which forms the basis of the claim.[25] Thus, the amount in controversy actually exceeds the federal jurisdictional amount.

15.     Plaintiff's pre-suit demand dated September 18, 2019, claims that "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property" is **$78,254.06 in replacement cost value, $70,428.65 on an actual cash value basis**, and that her attorneys' fees and costs total $10,000.[26] However, the Document attached to Plaintiff's Petition **makes no reference to a potential award of attorneys' fees**; while at *Section IX. Damages and Prayer*, the Petition provides that Plaintiff *is* seeking to recover attorneys' fees.[27] Likewise, Plaintiff's first statement as to the amount in controversy in her Petition reflects that

---

[21] *See* **Exhibit 3**—Plaintiff's demand letter dated September 18, 2019; *see also* **Exhibit 4**—Plaintiff's United Property Policy Declarations; *see also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).
[22] *See* Plaintiff's Petition, at *VII. Facts*, ¶¶ 9-38.
[23] *Id.* at ¶ 1; *see also* **Exhibit 4**.
[24] *See Garcia v. Geovera Specialty Ins. Co.*, No. 7:13-CV-114, 2013 WL 1967799, at *2 (S.D. Tex. May 10, 2013) (citing *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002)).
[25] *Id.*
[26] *See* **Exhibit 3**.
[27] Plaintiff's Petition, at *Section IX. Damages and Prayer*, ¶ 19.

she seeks monetary relief of less than \$100,000, *inclusive of attorneys' fees*.[28] (Emphasis added). But in her next sentence, Plaintiff claims that she seeks no more than \$75,000, without reference or regard to the inclusion of any potential award of attorneys' fees.[29]

16.     In *Tovar v. Target Corp.*, a United States District Court for the Western District of Texas, San Antonio Division analyzed the language of the plaintiff's petition, which included several statements as to the amount in controversy, and to which the plaintiff had attached a purported affidavit attempting to limit his recovery to less than \$75,000.[30] In denying plaintiff's motion to remand, the court reasoned that the purported affidavit was not binding due to the plaintiff's inconsistent positions throughout the petition as to the amount in controversy and particular damages sought.[31] The court further reasoned that "**it is imperative the affidavit or stipulation be consistent** and binding in its limiting nature if a plaintiff desires to restrict the total amount recoverable and ensure that the claim cannot be removed."[32] (Emphasis added).

17.     The facts of this case are nearly identical to those in *Tovar*. Like the Plaintiff's Petition here, the petition in *Tovar* attempted to limit the recovery to a specific award for an amount less than the court's jurisdictional minimum, but did not directly state whether this was meant to include attorneys' fees.[33] Also like the Petition here, the petition in *Tovar* included a request for attorneys' fees in the "prayer" section, but the affidavit attached to the petition did not expressly state that attorneys' fees were to be included in the award.[34] Plaintiff's Petition even includes the statement that she "**reserves all rights to seek any attorney fees and actual**

---

[28] *See* Plaintiff's Petition, at *V. Jurisdiction*, ¶ 6.
[29] *Id*.
[30] *Tovar v. Target Corp.*, No. SA-04-CA-0557-XR, 2004 WL 2283536, at *2 (W.D. Tex. Oct. 7, 2004).
[31] *Id*. at *4.
[32] *Id*.
[33] *Id*. at *2.
[34] *Id*. at *1.

**damages that Plaintiff incurred** for having this Court compel the appraisal process."[35] When read together, the Document attached as Exhibit E to Plaintiff's Petition and the Petition itself are conflicting in nature. Thus, they cannot constitute a binding limitation on Plaintiff's maximum possible recovery.[36]

18.     Moreover, the Document attached to Plaintiff's Petition should be disregarded by the Court and not considered for the purposes of diversity jurisdiction because it is ambiguous and unclear.[37] The purported stipulation does not refer to the Plaintiff by name, except for in the caption; it is not signed by the Plaintiff; and it fails to mention the recovery of attorneys' fees, which must be included in the calculation of the $75,000 recovery limitation - despite Plaintiff's multiple claims that she is seeking and is entitled to attorneys' fees in her Petition.[38] When construing a stipulation, Texas courts determine the "intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue."[39]

19.     Plaintiff's intent in attaching the Document to her Petition is unclear. It appears that this was done by her counsel in attempt to undermine federal jurisdiction. Plaintiff's Petition alleges the amount in controversy is less than $100,000, but also that Plaintiff does not seek an amount in excess of "75,000, *at this time*."[40] This language does not imply the Plaintiff's intent to never seek or accept more than $75,000 in this lawsuit. Rather, the "at this time" language is merely an attempt to circumvent this Court's jurisdiction in the event she can establish throughout the course of this litigation that her damages exceed $75,000, or in the event that a

---

[35] *See* Plaintiff's Petition, at *Section X. Reservation of Rights to Appraisal Process*, ¶ 26 (emphasis added).
[36] *Tovar,* 2004 WL 2283536, at *4.
[37] *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 822 (Tex. App.—Houston [1st Dist.] 1999) ("If the stipulation is ambiguous or unclear, it should be disregarded by the trial court.")
[38] Plaintiff's Petition, at Exhibit E.
[39] *Rosenboom*, 995 S.W.2d at 822.
[40] Plaintiff's Petition, at *Section V. Jurisdiction*, ¶ 6.

jury believes she is entitled to more than $75,000.[41]

20.    In light of all of the above, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibits 2, 3** and **4**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.   VENUE

21.    Venue for removal is proper in this district and division because this district embraces the County Court at Law No. 2 of Harris County, Texas, the forum in which the removed action was pending.

### IV.   ATTACHMENTS

22.    United Property will promptly provide written notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and to the Clerk of the Court for the County Court at Law No. 2 of Harris County, Texas, through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

23.    Copies of all pleadings, process, order, requests for trial by jury, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

24.    The following documents are being filed with this Court as exhibits to this Notice of Removal:

|  |  |
|---|---|
| **EXHIBIT 1** | **Index of Matters Being Filed** |
| **EXHIBIT 2** | **All executed process in this case, including a copy of the Plaintiff's Original Petition and a copy of Defendant's Original Answer** |
| **EXHIBIT 3** | **Plaintiff's Pre-Suit Demand Letter** |

---

[41] *See Washington-Thomas v. Dial America Marketing, Inc.*, No. EP-12-cv-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012).

**EXHIBIT 4**          **Plaintiff's Homeowners Policy Declarations Page**

**EXHIBIT 5**          **List of all Counsel of Record**

**EXHIBIT 6**          **Civil Cover Sheet**

## V.     CONCLUSION

25.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant, United Property & Casualty Insurance Company, respectfully prays that the State Court Action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. United Property further requests any additional relief to which it may be justly entitled.

DATE: January 21, 2020.

[Signature on next page]

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
     Sarah R. Smith
     Texas State Bar No. 24056346
     USDC-SD Texas No. 1196616
     Sarah C. Plaisance
     Texas State Bar No. 24102361
     USDC-SD Texas No. 3310762
     24 Greenway Plaza, Suite 1400
     Houston, Texas 77046
     Telephone: 713.659.6767
     Facsimile: 713.759.6830
     sarah.smith@lewisbrisbois.com
     sarah.plaisance@lewisbrisbois.com

     ATTORNEYS FOR DEFENDANT,
     UNITED PROPERTY & CASUALTY
     INSURANCE COMPANY

## CERTIFICATE OF SERVICE

     Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on January 21, 2020, via e-filing addressed to:

Eric B. Dick           *Via Eserve*
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiff*

           */s/ Sarah R. Smith*
           Sarah R. Smith